# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RICARDO RODRÍGUEZ PÉREZ,** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**DR. MIGUEL E. ABREU GARCIA,** *et al.*,<br><br>*Defendants*. | Civ. No. 21-01622 (MAJ) |

## OPINION AND ORDER

### I.  Introduction

On December 21, 2021, Ricardo Rodríguez-Pérez ("Rodríguez") and his father, Víctor Rodríguez (collectively "Plaintiffs") commenced this diversity action against Dr. Miguel E. Abreu ("Dr. Abreu") and Hospital Español Auxilio Mutuo de Puerto Rico, Inc.,[1] (collectively "Defendants") alleging claims of medical malpractice under Puerto Rico state law.[2] (**ECF No. 1**). This case was tried before a jury from March 4, 2024, until March 7, 2024. (**ECF Nos. 92-96**). At the close of evidence, both parties presented oral Motions for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a).[3] The Court held both motions in abeyance and took them under advisement. On March 7, 2024, the

---

[1]  On January 16, 2024, Plaintiffs and Hospital Español Auxilio Mutuo de Puerto Rico filed a "Stipulation of Partial Voluntary Dismissal with Prejudice" and this Court entered a partial judgment that same day. (**ECF Nos. 66 and 67**). Dr. Abreu's insurance company, Puerto Rico Medical Defense Insurance Company, has since been added as a party. (**ECF No. 20**). Thus, the remaining defendants are Dr. Miguel E. Abreu and Puerto Rico Medical Defense Insurance Company.

[2]  Under 28 U.S.C. § 1367(e), "the term 'State' includes ... the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e).

[3]  At the close of evidence, Defendant renewed its initial Motion for Judgment as a Matter of Law originally argued at the close of Plaintiffs' case, which the Court denied.

jury returned a verdict for Defendants on all claims. (**ECF No. 96**). The Court now addresses both motions.

## II.   Applicable Law and Analysis

Federal Rule of Civil Procedure 50 allows a litigant in a trial by jury to move the Court "for judgment as a matter of law at 'any time before the case is submitted to the jury.'"[4] *Falto De Román v. Mun. Gov't of Mayagüez*, 46 F.4th 51, 55 (1st Cir. 2022) (quoting *Jones ex rel. United States v. Mass. Gen. Hosp.*, 780 F.3d 479, 487 (1st Cir. 2015)). Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000); Fed. R. Civ. P. 50(a).

When deciding a motion for judgment as a matter of law under Fed. R. Civ. P. 50, the "district court 'must examine the evidence, and inferences to be drawn therefrom, in the light most favorable to the non-movant.'" *Cardona-Martínez v. Rodríguez-Quiñones*, 444 F.3d 25, 28 (1st Cir. 2006) (quoting *Mangla v. Brown Univ.*, 135 F.3d 80, 82 (1st Cir. 1998)). The standard for evaluating the sufficiency of the evidence under Rule 50 is the same as the standard for reviewing a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). The Court is prohibited from considering the credibility of witnesses, resolving credibility conflicts in testimony, or weighing the evidence. *See Baum-Holland v. El Conquistador Partn., L.P., S.E.*, 336 F.

---

[4] The standard is the same whether a Rule 50 motion falls under Rule 50(a) or (b). *See* 9B Charles Alan Wright *et al.*, Federal Practice and Procedure § 2524 (3d ed. 2022) ("It equally is settled by a myriad of judicial decisions that the standard in passing on that question is the same whether it arises in the procedural context of a motion for judgment as a matter of law prior to the submission of the case to the jury under Rule 50(a) or in the context of a renewed motion for judgment as a matter of law after the jury has returned a verdict under Rule 50(b)."). Therefore, any reference to Rule 50 may be taken to mean Rule 50(a).

Supp. 3d 6, 27 (D.P.R. 2018), *aff'd sub nom. Baum-Holland v. Hilton El Conquistador Mgt., LLC*, 964 F.3d 77 (1st Cir. 2020) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." (quoting *Reeves*, 530 U.S. at 150)).

The First Circuit has been quite stringent when holding that, under a Rule 50 standard, the district court must "determine whether there are facts and inferences reasonably drawn from those facts which lead to but one conclusion – that there is a total failure of evidence to prove plaintiff's case." *Vázquez-Valentín v. Santiago-Díaz*, 385 F.3d 23, 30 (1st Cir. 2004) (quoting *Mayo v. Schooner Capital Corp.*, 825 F.2d 566, 568 (1st Cir. 1987)), *vacated*, 546 U.S. 1163 (2006). "If instead fair-minded persons could draw different inferences from the evidence presented at trial, the matter is for the jury." *Barkan,* 627 F.3d at 39 (quoting *Espada v. Lugo*, 312 F.3d 1, 2 (1st Cir. 2002)); *Cruz-Ramos v. Toro Verde Corp.*, No. 23-1639, 2024 WL 504056, at *2 (1st Cir. Feb. 8, 2024) (In other words, the evidence must be "such that reasonable minds could not differ as to the outcome.") (citations omitted).

Beginning with Defendants' Rule 50(a) motion, it is now moot in light of the jury verdict in their favor. *See* Fed. R. Civ. P. 50 advisory committee's note (1991) (a "jury verdict for the moving party moots the issue" raised in a motion for judgment as a matter of law); *Madrigal v. Allstate Indem. Co.*, 14-cv-4242, 2015 WL 12748272, at *2 (C.D. Cal. Dec. 7, 2015) (finding same) (collecting cases).

With regards to Plaintiffs' motion, having considered all of the relevant evidence and applying the foregoing principles and standards of analysis to the evidentiary record, the Court concludes Plaintiffs are not entitled to judgment as a matter of law. A motion for judgment as a matter of law "is justified only where the proof is all one way or so

overwhelmingly preponderant in favor of the movant so as to permit no other rational conclusion." *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir. 1993). This was not the case before the jury. The Court finds that there was a sufficient evidentiary basis for the jury to conclude that Defendants were not liable for medical malpractice. More specifically, as to the issues of negligence and causation.

### III.   Conclusion

Accordingly, for the reasons set forth above, Plaintiffs' Rule 50(a) motion is **DENIED** and Defendants' Rule 50(a) motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of March 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**