**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**RICARDO RODRÍGUEZ PÉREZ,** ***et al.*****,**

***Plaintiffs*****,**

**v.**

**DR. MIGUEL E. ABREU GARCÍA,** ***et al.*****,**

***Defendants*****.**

Civ. No. 21-01622 (MAJ)

**OPINION AND ORDER**

## I. Introduction

On December 21, 2021, Ricardo Rodríguez-Pérez ("Rodríguez") and his father, Víctor Rodríguez (collectively "Plaintiffs"), commenced this action against Dr. Miguel E. Abreu ("Dr. Abreu") and Hospital Español Auxilio Mutuo de Puerto Rico, Inc.,[1] (collectively "Defendants") alleging claims of medical malpractice under Puerto Rico state law.[2] (**ECF No. 1**). This case was tried before a jury from March 4, 2024, until March 7, 2024. (**ECF Nos. 92-96**). On March 7, 2024, the jury returned a verdict for Defendants on all claims. (**ECF No. 96**). Accordingly, the Court entered judgment in favor of Defendants on March 22, 2024. (**ECF No. 100**). Pending before the Court is Defendants' Motion for Attorney Fees (the "Motion") filed on April 5, 2024 (**ECF No. 106**), to which

[1] On January 16, 2024, Plaintiffs and Hospital Español Auxilio Mutuo de Puerto Rico filed a "Stipulation of Partial Voluntary Dismissal with Prejudice" and this Court entered a partial judgment that same day. (**ECF Nos. 66 and 67**). Dr. Abreu's insurance company, Puerto Rico Medical Defense Insurance Company, was thereafter added as a party. (**ECF No. 20).** Thus, this Opinion only pertains to Dr. Miguel E. Abreu and Puerto Rico Medical Defense Insurance Company.

[2] Under 28 U.S.C. § 1367(e) "the term 'State' includes … the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e).

Plaintiffs have responded (**ECF No. 107**). For the reasons stated hereafter, Defendants' Motion is **DENIED**.

## II. Applicable Law

"Under the well-established 'American Rule,' attorneys' fees are not recoverable by a party unless statutorily or contractually authorized. However, a court possesses inherent equitable powers to award attorneys' fees against a party that 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Mullane v. Chambers*, 333 F.3d 322, 337–38 (1st Cir. 2003). When a Court's jurisdiction is based on diversity of the parties however, an award of attorneys' fees is governed by the applicable state law.[3] *IOM Corp. v. Brown Forman Corp.*, 627 F.3d 440, 451 (1st Cir. 2010) (citing *B. Fernández & Hnos., Inc. v. Kellog USA, Inc.*, 516 F.3d 18, 28 (1st Cir. 2008)). Because this Court's jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, we apply Puerto Rico law to this issue. *See Correa v. Cruisers, a Div. of KCS Int'l, Inc.*, 298 F.3d 13, 22 (1st Cir. 2002) (first citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); and then citing *Fitzgerald v. Expressway Sewerage Cosntr., Inc.*, 177 F.3d 71, 74 (1st Cir. 1999)).

In Puerto Rico, Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure governs the imposition of attorneys' fees. P.R. Laws Ann. tit. 21, App. III, Rule 44.1(d); *see also IOM Corp.*, 627 F.3d at 451 (citing *Corpak, Art Printing v. Ramallo Brothers*, 125 D.P.R. 724 (1990)). Rule 44.1(d) permits attorneys' fees "only where a 'party or its lawyer has acted obstinately or frivolously.'" *Aponte Bermúdez v. Berríos*, 15-cv-1034, 2020 WL 1692619, at *1 (D.P.R. Apr. 6, 2020) (quoting P.R. Laws Ann. tit. 21, App. III, Rule 44.1(d)

---

[3] Under 28 U.S.C. § 1367(e) "the term 'State' includes . . . the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e). *Pérez Arritola v. García Muñiz*, 22-cv-01507, 2023 U.S. Dist. LEXIS 52202, at *2 n.1 (D.P.R. Mar. 27, 2023).

and Rule 44.3); *see also* P.R. Laws Ann. tit. 21, App. III, Rule 44.1(d). "Once the court makes the threshold determination of obstinacy or frivolousness, imposition of attorneys' fees is mandatory." *IOM Corp.,* at 451–52 (citing *Correa*, 298 F.3d at 30).

"In order for the Court to find that the losing party has been 'obstinate,' it must find that the party has been 'unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay.'" *Lincoln Rd. Productions, Inc. v. Reign Ent. Group*, 12-1895, 2014 WL 6893663, at *2 (D.P.R. Dec. 5, 2014) (quoting *De León López v. Corporación Insular de Seguros*, 931 F.2d 116, 126-127 (1st Cir. 1991)). "The award of attorneys' fees to the prevailing party depends exclusively on the decision of the presiding judge with regard to whether or not the losing party, or his counsel, acted in a frivolous or obstinate manner." *IOM Corp.*, at 452 (internal citations and quotations omitted); *C-Fuels, LLC v. Puma Energy Caribe LLC*, 19-cv-2057, 2021 WL 4592286, at *1 (D.P.R. Feb. 25, 2021) (The "determination of obstinacy is dependent on the particular facts of each case and lies in the sound discretion of the court.") (internal citations and quotations omitted).

Importantly, "[t]he purpose of these rules is to penalize 'a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation.'" *Gómez v. Rodríguez-Wilson*, 819 F.3d 18, 24 (1st Cir. 2016) (internal citation omitted); *IOM Corp.*, at 452 ("The general standard is that attorneys' fees should be imposed in actions which result in a litigation that could have been avoided, which prolongs it needlessly, or that obliges the other party to embark on needles procedures." (internal citations and quotations omitted)).

> The degree or intensity of the obstinate or frivolous conduct is the . . . determining . . . factor when calculating the attorneys' fees . . .. In addition, the court may consider factors such as the nature of the action, the questions of law involved, the amount at issue, the time spent, the efforts and professional activity needed for the case, and the skills and reputation of the lawyers involved.

*IOM Corp.*, at 451–52 (quoting *Corpak, Art Printing*, 125 D.P.R. at 724). Accordingly, "[t]he amount of fees may not be automatically determined by simply looking at what the prevailing party paid, without taking into consideration the degree of obstinacy displayed by the losing party, as well as the above-mentioned factors." *Renaissance Mktg., Inc. v. Monitronics Int'l., Inc.*, 673 F. Supp. 2d 79, 85 (D.P.R. 2009) (internal citations and quotations omitted). Thus, "fee-shifting methodologies—such as the 'lodestar method'—that allow courts to determine the attorneys' fees award by multiplying the number of hours reasonably expended in defending a case by a reasonable hourly fee, regardless of the degree or intensity of the losing party's obstinate or frivolous conduct, are not available under Puerto Rico law." *IOM Corp.*, at 452. However, a Court

> . . . is not precluded from deciding that—pursuant to a *proper* analysis under Rule 44.1(d)—the losing party must bear an attorneys' fees award that matches the attorneys' fees requested by the winning party, even if such amount coincides with what would otherwise be imposed if the court had calculated the award by using the "lodestar method."

*Id*. at 453 (emphasis in original).

## III. Analysis

Defendants' Motion presents three issues of concern for the Court. First, it was filed prematurely. Local Rule 54(b) provides that "[a]n application for attorney's fees . . . in any case in which no notice of appeal has been filed shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal." Defendants filed their Motion merely fourteen days after the entry of judgment, well before the expiration of the time

for filing a timely appeal. *See* Fed. R. App. P. 4(a) (providing that a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from).

Second, Defendants ask the Court to apply the "lodestar" method in deciding the appropriate amount of attorney fees to award. (**ECF No. 106 at 3 ¶ 9**). As previously mentioned, this method is unavailable under Puerto Rico law. *IOM Corp.*, at 452.

Finally, per the "American Rule" and relevant Puerto Rico law, Defendants are not entitled to attorney's fees as a matter of right. To that end, they must demonstrate that Plaintiffs or their attorneys "acted obstinately or frivolously." *Aponte-Bermúdez,* 2020 WL 1692619, at *1 (quoting P.R. Laws Ann. tit. 21, App. III, Rule 44.1(d) and Rule 44.3). As Plaintiffs correctly point out, Defendants have not shown—or even attempted to show—either one.

Regardless, this was a complex medical malpractice case, and the litigation "did not exceed or extend beyond what is expected of similar cases that stand trial, nor was the docket clouded by wanton and frivolous motion practice." *Meléndez v. Maestre*, 05-cv-1535, 2010 WL 1292323, at *2 (D.P.R. Mar. 30, 2010). "Instead, [Plaintiffs] limited [their] motions to those necessary to prosecute [their] claim," and did not even file a motion for summary judgment. *Id*. The mere fact that Plaintiffs did not prevail on their claims does not imply that those claims were "frivolous or unreasonable." *Álvarez-Mauras v. Banco Popular de Puerto Rico*, 16-cv-2864, 2019 WL 3310078, at *4 (D.P.R. July 23, 2019). Moreover, as Plaintiffs also correctly point out, the Court ruled in favor of them several times. Therefore, there is no basis to conclude that Plaintiffs or their attorneys acted in a manner that justifies awarding attorney's fees, nor have Defendants provided any argumentation in support of such a finding. Simply put, the Court does not find that

Plaintiffs or Plaintiffs' attorneys acted obstinately or frivolously such that attorney's fees are warranted.

## IV. Conclusion

Accordingly, Defendants' Motion for Attorney's Fees is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of May, 2024.

***/s/* María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**